LEON JOHNSON,
     Appellee,

    vs.                           No. 7493.

MARYLAND CASUALTY COMPANY
    OF LOUISIANA,
       Appellant.

November 11, 1918.

305

CHARLES F. CLAIBORNE, JUDGE.

Plaintiff moves to dismiss the appeal heréin taken by defendant to this Court on the ground that the amount sued for exceeds two thousand dollars the limit of our jurisdiction.

The petitioner alleges that in March 1918 he was employed as a day laborer by the Baist Shingle Company; that while working within the course of his employment his hand was caught by a saw "and the thumb of his right hand was entirely and completely cut off together with a portion of the hand below said thumb, and the index and middle fingers of his said hand were cut off below their middle joints and near the knuckle, and the end of his fourth finger was also partly cut off"; he further alleges that the injury "above detailed" constitutes a "permanent total disability", and he is thereby deprived of the ability of doing any work as a common laborer and mill hand; that he is illiterate, has no other trade or profession, and capable only of doing manual labor which he is no longer able to perform because of his said injuries, and he is unable to secure any other remunerative employment; x x x that at the time of his said injury he was earning twelve dollars a week as a day laborer and mill-hand, and because of his "total permanent disability" he is entitled to receive fifty per cent thereof as a weekly compensation for 400 weeks from

March 16th, 1918 until the expiration of the said 400 weeks; x x x that the Maryland Casualty Company x x x is the insurer of the said Baist Shingle Company, x x x and under the provisions of Act 20 of 1914 he has a right of action against the said insurer to enforce the payment to him of the compensation now due him and to become due him from week to week, to which he is entitled because of his said injuries and because of the "permanent total disability" inflicted upon him by reason thereof". He claims $54 as "compensation" due to him, for nine weeks prior to the filing of the suit, and $2346 for 391 weeks thereafter.

From a judgment in favor of the plaintiff for $900 payable at the rate of $6 a week for 150 weeks, the defendant has appealed to this Court.

Although plaintiff's claim is for $2400, defendant contends that under the allegations of the petition and under the law, it would be impossible for him to obtain a judgment exceeding $2000, and therefore his claim is inflated, and this Court alone has jurisdiction of his appeal.

The jurisprudence is fixed that it is the largest amount for which the Court could render judgment under the allegations of the petition and under the law that determines the question of jurisdiction; and that where the amount claimed is inflated or fictitious upon its face, or impossible to recover, the Court will consider the allegations of the petition and the law applicable thereto to determine its jurisdiction, - 1 H. D. 20- 1 La. Dig. p. 218, 267 (1885) 281 & 53.

The plaintiff specifically claims "compensation" under the Act of 1914, and not damages under C. C. 2315.

In the case of Philps vs Guy Drilling Co. 79 So. Rep. 549, our Supreme Court said: "Act No. 20

307

of 1944 (under which plaintiff claims) prescribing the liability of employers for compensation to employees plainly expressed the intention to limit the rights and remedies of employees and their dependents to the compensation thereby provided, and to exclude other rights; to "prescribe" meaning to lay down authoritatively as a guide or rule of action". *See L.R.A.1916 A p 223*

Sec. 34 of Act 20 of 1914 p. 61 - reads as follows:

"That the rights and remedies herein granted to an employee on account of a personal injury for which he is entitled to compensation under this act shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, relations or otherwise, *the act* *See also the title of the act* on account of such injury". Boyer vs Crescent Paper Box Factory 78 So. Rep. 596. *under his petition* We therefore conclude that plaintiff can claim only the amount allowed by the statute and nothing more.

Section 8 of Act 20 of 1914 as amended by Act 243 of 1916 p. 513 reads as follows:

"That compensation shall be paid under this act in accordance with the following schedule of payments:

(d) "In cases included by the following schedule the compensation shall be as follows:

"For the loss of a thumb, fifty per centum of wages during 50 weeks.

"For the loss of a first finger, commonly called the index finger, fifty per centum of wages during thirty weeks.

"For the loss of any other finger, or a great toe, fifty per centum of wages during twenty weeks x x x provided, however, that in no case shall the amount received for more than one finger exceed the amount for the loss of a hand x x x

"For the loss of a hand, fifty per centum of wages during 150 weeks.

(e) "For injury producing "permanent total disability" to do work of any character the compensation shall be fifty per centum of wages, x x x for the period of disability, not exceeding 400 weeks".

The defendant contends that plaintiff's injury is only "permanent partial disability" and entitles him only to the relief accorded by S "d" above quoted, at best equal to the loss of a hand, during 150 weeks, which was the time adopted by the District Judge.

The plaintiff on the other hand alleges that he has suffered a "permanent total disability", and that he is entitled to relief under S (e) for the period of 400 weeks.

The question to be solved is therefore whether the plaintiff suffered a "partial" or a "total disability?

The answer is found in the opinion in Myers vs La. Ry. & Nav. Co. 140 La. 937 (947).

In that case the plaintiff's hip joint had been fractured and the Court said: "The next and last question is as to whether the disability of plaintiff is partial or total. Section 8 of the Statute provides &c &c .
In the case of Mellen Lumber Co. vs Industrial Commission of Wisconsin 142 N. W. 187 the expression "total disability" was interpreted to mean total inability to perform work of the character in which the injured employee was engaged at the time of the accident, regardless of his earning capacity in other occupations. Such an interpretation is not possible under our Statute, since its wording is "total Disability to do work of any character". We have to hold, therefore, that the disability of a workman who has lost the use of one of his legs from the hip joint down is not

necessarily total, since within the meaning of our said Statute any lines of work are open to a man in that condition".

*23.136-377-*

See L. R. A. 1916 A 374=Ann. Cas. 1915 B 997, 1000.

Guided by that opinion we have to decide that even the loss of a hand *does of itself* would not constitute a "total disability" within the meaning of the Statute, X and that therefore the plaintiff could not recover a sum exceeding $2000.

The authorities quoted in plaintiff's brief are not in conflict with the decision of our own Court, *being interpretations of statutes differing in language*

It is therefore ordered that the motion to dismiss be denied.

November 11th, 1918.

X *unless it superinduces a total disability to do work of any character —*