On the Merits.
Thus suit is by an employee, who alleges that the defendant is indebted to him in the sum of $2,650 under the Employers’ Liability Act, “No. 243 of the General Assembly of 1916, p. 512, amending the Employers’ Liability Act, No. 20 of 1914.” And he alleges with reference to the injuries received by him in the course of his employment:
“That on or about August 7, 1916, while in the employment of said defendant, your petitioner was injured by having his face terribly lacerated and his jaw broken and injured to such an extent that a great portion of it had to be removed, leaving him seriously permanently disfigured about his face and head, and that he received other injuries that will be shown on the trial hereof.
“That your petitioner received a weekly wage amounting to $50 per week, and that under the act hereinabove referred to petitioner is entitled to receive 50 per cent, of this weekly wage for a period of 100 weeks, aggregating the sum of $2,500, and that in addition to said sum of $150, the amount allowed under said act for physicians’ and medical bills.”
Defendant failed to answer, for reasons stated on the brief, and there was judgment by default, which went beyond the scope of the petition, reading as follows:
“It is ordered, adjudged, and decreed that the plaintiff, R. O. Craver, do have and recover judgment against the defendant, George S. Gillespie, in the full sum of $130 being for total disability at $10 per week for 13 weeks from August 7, 1916, and .for the further sum of $150 for medical and hospital services and. for' medicine, due to injuries received by the plaintiff, and which was paid by the plaintiff, and in the further sum of $1,000 for permanent disfigurement of face and head payable at the rate of $10 per’week for 100 weeks, beginning January 19, 1917.”
The petition contains no allegation of total disability, and no claim was therein made therefor. No damages could therefore be allowed in the judgment for such total disability.
[5] The evidence taken in proving up the default could not have the effect of enlarging the pleadings, because defendant was not present consenting thereto. Louisiana State Bank v. Senecal, 9 La. 225Lockett v. Toby, 10 La. Ann. 713.
[6] As to the claim for serious permanent disfiguring about his face and head on August 7, 1916, there can be no compensation awarded, for the reason that the Employers’ Liability Act of 1914 contained no provision for such injury or accident.
In the act amending the act of 1914, No. 243 of 1916, p. 512, provision is made in section 8, paragraph 1, subsee. (d), where an “employee is seriously permanently disfigured about the face or head or where the usefulness of a member or any physical function is seriously permanently impaired,” and he may recover for such injury.
But, in the “Titles of Acts and Concurrent Joint Resolutions passed by the’ General Assembly of the State of Louisiana, at the Regular Session of 1916, with Date of TheliApproval and Publication,” it appears that Act 243 was approved July 6, 1916, and was published July 22,' 1916. As that act did not become a law outside of Baton Rouge until 20 days after its publication, it was not a law and had no effect on August 7. 1916, in Caddo parish when plaintiff suffered the injury complained of. Plaintiff, therefore, *187 shows no cause of action under that act for the injury alleged to have been suffered by him.
This matter was very thoroughly considered and passed upon in Boyer v. Crescent Paper Box Factory, 143 La. 368, 78 South. 596. . We there say, in part:
“The act before it was amended (No. 20 of 1914) strictly provided for compensation for personal injuries suffered by the employee while in the performance of services arising out of and incidental to his employment, by compensating- him for loss of earning power alone the sole basis for compensation.
• “The amendment (of 1916) may include the personal injury to plaintiff, but it was adopted subsequent to the time of the accident, and it is therefore without application here. The injury to Effie Boyer may have caused the adoption of the amendment.
“The original act provides compensation for ‘every injury producing temporary total disability to do work of any reasonable character,’ for ‘injuries producing temporary partial disability,’ and for ‘every injury producing permanent partial disability,’ in section 8. We repeat that only those personal injuries resulting in disability ‘to do work of any reasonable character’ are covered by the act. And those disabilities are enumerated, such as the loss of a thumb, finger, arm, etc., which may disable an employee to do work; in other words, those injuries which impair the earning power of the employee.”
Plaintiff does not complain of any injury enumerated in the act of 1914, and lie cannot recover compensation thereunder. His claim is made' under the act of 1916; but he cannot recover thereunder, because that act was. not a law in Caddo parish when he suffered his injury.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that there now be judgment in favor of Mrs. Ida Gillespie, dative testamentary executrix, substituted defendant, rejecting plaintiff’s demand, at his costs.
O’NIELL, J., concurs in the decree.