SAVOY, Judge.
Mr. and Mrs. John Allen Bergeron, husband and wife, instituted suit against New Amsterdam Casualty Company, the insurer of V. L. Devillier, the operator of a restaurant in Eunice, Louisiana, in tort and in the alternative under the Workmen’s Compensation Act. Mrs. Bergeron was employed by V. L. Devillier as a waitress in his restaurant. While working in said restaurant, and in the course and scope of her employment, she fell to the floor. At the time of her fall she was approximately six weeks pregnant, and as a result of said fall, she suffered a miscarriage. She remained disabled from February 21, 1960, to April 3, 1960, at which time she was able to return to full employment without residual injury.
In answer to the suit defendant filed a motion to have plaintiff elect as to whether he would sue in tort or under the Workmen’s Compensation Act. On the date of the hearing of said motion, by agreement of the court and counsel for all parties, the motion to elect was dismissed and defendant filed an exception of no cause of action as to the tort claim filed by plaintiffs.
After a hearing on the exception of no cause of action, the judge maintained said exception and reserved to plaintiff wife the right to proceed under the Louisiana Workmen’s Compensation Act. All of the facts above alleged were reduced to stipulations, including the fact that plaintiff wife was engaged in a non-hazardous occupation.
The district court allowed plaintiff wife to recover compensation for a period of 100 weeks at the rate of $35 per week under the provisions of Sub-section (4) (p) of LSA-R.S. 23:1221, which sub-section allows compensation for the serious impairment of a physical function, the court finding that a miscarriage was an impairment of a bodily function.
From the judgment of the district court, defendant appealed to this- court. Plaintiff answered the appeal, asking that the judgment of the district court be reversed and that plaintiffs be permitted to file suit in tort, and alternatively, that the judgment of the district court be affirmed.
This Court will first discuss the ruling of the trial judge maintaining the exception of no cause of action filed by defendant to the effect that the sole remedy granted to the plaintiff wife was under the Louisiana Workmen’s Compensation Act.
LSA-R.S. 23:1166 provides the following:
“When an insurance company issues a policy of insurance to an employer covering claims for injuries to employees that may arise within the scope of the employer’s business, the insurance company shall be estopped to deny liability on the grounds that the employment was not hazardous and during the period such insurance is in effect, claims for injuries occurring during such period by such employees against the employer or the insurance company shall be exclusively under the workmen’s compensation act.”
In Volume 19 of the Lousiana Law Review, Pages 110, 111 and 112, Professor Malone of the Louisiana State University Law School made the following statement in connection with LSA-R.S. 23:1166:
“Only one amendment to the substantive compensation law was made during the past legislative term; but this single change was significant: Compensation insurers are estopped by the amendment to deny the hazardous character of the employment that they *418 have insured. This appears to be a wise and practical disposition of the antiquated provision in our statute restricting compensation to hazardous businesses and employments. * * *
“The recent estoppel provision offers a happy solution, and in this writer’s mind this is preferable to an outright repeal of the sections of our act restricting compensation to hazardous employments. * * *
“As a corollary of the estoppel amendment it is provided that so long as the insurance is in effect, the employee cannot resort to a tort suit against his employer on the ground that his employment was not hazardous and hence was not covered by the statute. This corollary carries out the established principle that wherever compensation is available, the employee should have no other remedy against his employer. Were it not for this provision the employee in an insured non-hazardous employment would have available the choice either of suing the insurer for compensation or instituting a tort claim directly against the employer.”
This Court is of the opinion that the ruling of the district judge in maintaining the exception of no cause of action filed by defendant and holding that the exclusive remedy granted to the plaintiff wife in the instant suit was under the Workmen’s Compensation Act of this state is correct.
The remaining question for decision is whether plaintiff wife should recover for 100 weeks at $28.60 per week under LSA-R.S. 23:1221(4) (p), or only for her period of temporary total disability, namely from February 21, 1960, to April 3, 1960, under the provisions of LSA-R.S. 23:1221 (1).
Counsel for plaintiff wife in oral argument and brief submitted to this Court has advanced a novel argument. It is his position that the impairment of a physical function does not necessarily mean the organ producing the function need be damaged. He says that a function may be a separate entity from the organ itself.
In Webster’s Collegiate Dictionary, “function” is defined as follows:
“The natural, proper or characteristic action of anything; especially the normal and special action of any organ or part of a living animal or plant; as the functions of digestion and assimilation.”
In Dorland’s Illustrated Medical Dictionary, 23rd Edition, it is defined as:
“The special, normal, or proper action of any part or organ.”
The evidence reflects that after April 3, 1960, plaintiff wife had recovered from the miscarriage and that she suffered no residual injury because of the accident. Since the reproductive organs of the plaintiff wife are not impaired, it would be possible for her to be pregnant again in the future. The failure on the part of plaintiff wife to prove an impairment of the usefulness of her reproductive organs prevents her from recovering under the provisions of LSA-R.S. 23 :- 1221(4) (p).
This Court is of the opinion that the compensation due plaintiff should fall under the provisions of LSA-R.S. 23:1221 (1).
For the reasons assigned, the judgment of the district court awarding plaintiff wife compensation for 100 weeks at the rate of $28.60 per week under LSA-R.S. 23:1221 (4) (p) is amended to allow her compensation under LSA-R.S. 23:1221(1) for a period commencing February 21, 1960, through April 3, 1960, inclusive, at the weekly .rate of $28.60 per week, together with interest at the rate of five per cent per annum on all past due installments until paid. The award for $366.65 medical *419 expenses and the taxing of the lower court costs is affirmed.
All costs of this appeal are to be paid by plaintiff.
Amended and affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.