SANDERS, Justice.
While performing her duties as ■ a wah> ress in a cafe, Mrs. Verna Whittaker Bergeron fell and suffered a miscarriage, or abortion. Her pregnancy was of approximately six weeks’ duration at-the time of the accident. She was disabled from February 21, 1960, to April 3, I960, at which time she resumed her regular duties. No residual injury remained.[1]
*111 Mrs. Bergeron and her husband instituted this suit in tort for damages and in the alternative in workmen’s compensation against New Amsterdam Casualty Company, the workmen’s compensation and liability insurer of her employer. The demand for workmen’s compensation was based upon LSA-R.S. 23:1166 estopping the insurer from denying that an employment is hazardous when it is covered by workmen’s compensation insurance. The parties conceded that the employment was in fact non-hazardous.
The district court sustained an exception of no cause of action as to the demand in tort and awarded workmen’s compensation at the weekly rate of $28.60 during a period of 100 weeks for the permanent impairment of a physical function under LSA-R.S. 23:1221(4) (p) and medical expenses in the sum of $366.85.
On appeal, the Court of Appeal reduced the award of compensation to the period of temporary total disability (February 21, 1960, to April 3, 1960) under LSA-R.S. 23:1221(1) but otherwise affirmed the judgment of the district court. See 134 So.2d 416.
On the application of plaintiffs, we granted certiorari to review the judgment of the Court of Appeal.
The plaintiffs contend that the abortion is compensable on the basis of 100 weeks as an impairment of a physical function under the Louisiana Workmen’s Compensation Law. If the abortion is not so compensable, plaintiffs contend, in the alternative, that the demand in tort is maintainable.
The defendant asserts that Mrs. Berger-on sustained no permanent impairment of a physical function and that compensation: for the period of temporary total disability is a full compliance with the Louisiana. Workmen’s Compensation Law. The defendant also contends that the Workmen’s-Compensation Law provides plaintiffs’ exclusive remedy.
We address ourselves first to the initial' contention of plaintiffs that the abortion iscompensable under the Louisiana Workmen’s Compensation Law for a period of' 100 weeks as an impairment of a physical-function.
LSA-R.S. 23:1221(4) (p) provides:
“In cases not falling within any of the provisions already made, where the employee is seriously permanently disfigured about the face or head, or • where the usefulness of a physical function is seriously permanently im- • paired, the court may allow such com- • pensation as is reasonable and as in. proportion to the compensation herein-above specifically provided in the cases • of specific disability, not to exceed. sixty-five per centum of wages during., one hundred weeks.”
*113 The plaintiffs contend that this sec-tion provides for compensation in three in-stances: in cases not falling within any provisions already made, in cases of seri■ous, permanent disfigurement, and in cases in which the usefulness of a physical function has been seriously, permanently impaired. In our opinion, this construction does violence to the statute. The section authorizes compensation only for disfigurement or the impairment of the usefulness of a physical function in cases which do not fall within any other benefit provision of the law.[2] Since the section provides compensation for disfigurement or impairment unattended by disability,- it transcends the historic base for workmen’s ■compensation: the diminution of earning ■capacity.[3] However, it is not a catch-all ■clause, as contended by plaintiffs.
The precise inquiry presented here is whether or not the abortion constitutes an impairment of the usefulness of a physical function as provided in the section.
The physical function involved in the instant case is child bearing, or reproduction. Under the express statutory language, to he compensable the impairment must be permanent in character. The record re-fleets that the plaintiff wife had fully recovered as of April 3, 1960. Future gestation was neither precluded nor affected. Plaintiffs contend that the birth was aborted, and hence a physical function was destroyed. However, the finality of the abortion cannot be equated to a permanence in the impairment of the function. That which was destroyed was not the function itself, but the product of the function. The most liberal construction of the statute does not bring the abortion within the classification of a permanent impairment of the usefulness of the reproductive function. We conclude, as did the Court of Appeal, that the injury is compensable as one producing temporary total disability under LSA-R.S. 23:1221(1) which provides : “For injury producing temporary total disability to do work of any reasonable character, sixty-five per centum of wages during the period of disability, not beyond three hundred weeks.”
Plaintiffs strenuously contend that, if the compensation cannot be had for the impairment of a physical function, the demand in tort is maintainable. They rely upon the decision of this Court in Boyer v. *115 Crescent Paper Box Factory, 143 La. 368, 78 So. 596.
Pertinent here is LSA-R.S. 23:1166 (Act No. 495 of 1958) which provides:
“When an insurance company issues a policy of insurance to an employer covering claims for injuries to employees that may arise within the scope of the employer’s business, the insurance company shall be estopped to deny liability on the grounds that the employment was not hazardous and during the period such insurance is in effect, claims for injuries occurring during such period by such employees against the employer or the insurance •company shall be exclusively under the workmen’s compensation act.”
Commenting upon this provision in 19 Louisiana Law Review 110-112, Dr. Wex Malone, an eminent authority on workmen’s compensation, stated:
“The recent estoppel provision offers a happy solution, and in this writer’s mind this is preferable to an outright repeal of the sections of our act restricting compensation to hazardous employments. * * *
“As a corollary of the estoppel amendment it is provided that so long as the insurance is in effect, the employee cannot resort to a tort suit against his employer on the ground that his employment was not hazardous and hence was not covered by the statute. This corollary carries out the established principle that wherever compensation is available, the employee should have no other remedy against his employer. Were it not for this-provision the employee in an insured non-hazardous employment would have available the choice either of suing the insurer for compensation or instituting a tort claim directly against his employer.”
This statutory enactment brings the employment in the instant case within the-coverage of the Workmen’s Compensation Law. The circumstance that the employment may be non-hazardous under the earlier definition of the law does not militate-against such coverage. Certain non-hazardous employments were covered by the statute prior to this enactment.[4] Other non-hazardous employments were subject to coverage by the election of the employer and employee.[5]
The section clearly makes recovery under the Workmen’s Compensation Law ex-, elusive in those cases to which it is applicable. This is true although all specific elements of the injury may not be compensable.[6] Inasmuch as Boyer v. Crescent *117 Paper Box Factory, supra, was decided primor to this amendment, that case is not con-,trolling.
The plaintiffs strenuously contend, Irowever, that such an interpretation of the .statute will render it unconstitutional under the due process clauses of the State Constitution and the Fourteenth Amendment ■of the United States Constitution.
Article I, Section 6 of the state constitution, LSA provides:
“All courts shall be open, and every person for injury done him in his rights, lands, goods, person or reputation shall have adequate remedy by due process of law and justice administered without denial, partiality or unreasonable delay.”
The plaintiffs summarize their argument In the following language:
“In other words, if the employer, by unilateral action, can deprive the employee ‘of both compensation and tort benefits by the purchase of a policy of insurance, and no redress is given against the insurance company or the employer, then, certainly, the rights of the employees are unduly taken by an ,act of the Legislature, and such a provision is unconstitutional as being a violation of ‘due process.’ ”
A major weakness in this position is that the plaintiff wife has not been'deprived of. compensation. She has received an1 award of workmen’s compensation and medical■ expenses. The primary complaint is the inadequacy of the benefits. In providing coverage under the Workmen’s Compensa-, tion Law and restricting the remedy, the statute at the same time instituted recovery without fault. The fact that the benefits under the act do not include the full range of elements in tort damages does not render the law invalid. Neither do we perceive any infirmity in the circumstance that the insurance coverage is effectuated by an act of the employer. The statute operates upon the employment situation as it exists at the.time of the injury.. As applied in the instant case, we find no unT constitutionality in the law.[7]
The compensation award may be small. It is based upon earnings. However, it is in conformity to the Louisiana Workmen’s Compensation Law. To provide an award of equal measure with the law represents the full potential of the judicial process.
For the reasons assigned the judgment, of the Court of Appeal is affirmed

. The facts were stipulated by the parties.

. See Rodriguez v. Standard Oil Co. of Louisiana, 166 La. 332, 117 So. 269; Mack v. Legeai, 144 La. 1017, 81 So. 694; Malone, Louisiana Workmen’s Compensation Law and Practice, § 284, p. 364 (1961).

. Mack v. Legeai, 144 La. 1017, 81 So. 694; Mayer, Workmen’s Compensation Law in Louisiana, pp. 94-95 (1937); 11 Schneider, Workmen’s Compensation, § 2322(a), pp. 562-564 (perm, ed.); 2 Larson’s Workmen’s Compensation Law, § 65.30, pp. 139-140.

. LSA-R.S. 23:1034 (Employment by the state-or political subdivision).

. LSA-R.S. 23:1036.

.See 2 Larson’s Workmen’s Compensation Law § 6S.20, p. 137.

. See New York Central Railroad v. White, , 243 U.S. 188, 37 S.Ct. 247, 61 L.Ed. 667, L.R.A.1917D, 1; Colorado v. Johnson Iron Works, Ltd., 146 La. 68, 83 So. 381; Day v. Louisiana Central Lbr. Co., 144 La. 820, 81 So. 328; Malone, Louisiana Workmen’s Compensation Law and Practice, § 36, pp. 48^49 (1961)'. •