HALL, Chief Judge.
The issue presented by this case is whether an employee who lost his sense of taste and smell in a work related accident may proceed against his employer in tort when he was not disabled so as to be entitled to disability benefits and the specific loss provisions of the permanent partial disability section of the Louisiana Worker’s Compensation Act do not provide benefits for the particular injury suffered. We hold that plaintiffs exclusive remedy is in worker’s compensation and that his tort action against the employer cannot be maintained.
On August 21, 1984 plaintiff-employee, while inspecting a gas cylinder for possible contamination, allegedly inhaled a toxic substance which caused damage to nerves in his face and head resulting in the loss of his sense of taste and smell. The injury occurred during the course and scope of his employment.
A notice of dispute was filed with the Louisiana Department of Labor (LDL), Office of Worker’s Compensation. The LDL recommended that plaintiff’s request for permanent partial disability benefits for the loss of smell and taste was not compen-sable under LSA-R.S. 23:1221(4). Upon rejecting this recommendation, plaintiff filed suit.
Plaintiff sought recovery for his injuries against his employer in tort and, alternatively, in worker’s compensation provided that the court determined the latter was his exclusive remedy. The employer and its insurer filed an exception of no cause of action based on worker’s compensation being plaintiff’s exclusive remedy. The exception was overruled. The employer and insurer then filed a motion for partial summary judgment seeking dismissal of the tort claim on the basis that plaintiff’s exclusive remedy was in worker’s compensation. The motion was denied by the trial court and we granted the defendants’ writ application.
The Louisiana Worker’s Compensation Act provides compensation to an employee who receives a personal injury by accident arising out of and in the course of his employment. LSA-R.S. 23:1031. Under LSA-R.S. 23:1221(1), (2) and (3) an employee is entitled to benefits which partially compensate him for his loss of earning capacity, provided that he has suffered a total disability or inability to earn wages equal to ninety percent or more of wages earned at the time of injury. The employee may also be entitled to benefits for the loss of certain enumerated limbs or organs, or for disfigurement, or for loss or impairment of certain functions, without regard to the effect such loss may have upon his earning capacity. LSA-R.S. 23:1221(4)(a)-(r).
In' addition, Section 1203 requires the employer, in every case falling under the Act, to furnish to an employee “all necessary medical, surgical, and hospital services, and medicines, or any nonmedical treatment recognized by the laws of this state as legal.” The employer is also required to bear the cost of repair to or replacement of any prosthetic devices which might have been damaged or destroyed by the employment accident, such as eyeglasses, artificial limbs, hearing aids, and dentures. Additionally, the employer is liable for “actual expenses reasonably and necessarily incurred” by the employee for travel to obtain the required medical services or prosthetic devices.
*1366 Section 1032 provides that the rights and remedies herein granted to an employee “on account of an injury” shall be exclusive of all other rights and remedies of the employee for his injury. The statute does not limit the exclusive nature of the Act to those instances in which the employee/claimant actually receives compensation benefits.
Section 1166 provides “When an insurance company issues a policy of insurance to an employer covering claims for injuries to employees that may arise within the scope of the employer’s business ... claims for injuries occurring during such period by such employees against the employer or the insurance company shall be exclusively under the worker’s compensation act.”
In the present case, the unexpected escape of gas from the cylinder was an accident. The accident resulted in physical injury to the plaintiff, specifically, damage to nerves in his face and head. The injury arose out of and in the course and scope of the plaintiff’s employment. Thus the accidental injury was covered by and was com-pensable under the worker’s compensation law. Plaintiff was entitled to medical expenses and to benefits during the period of his disability, if any, with the first week excluded unless the disability lasted longer than six weeks.
Plaintiff returned to work one week after the accident. He was paid compensation for total temporary disability for the following week. He does not contend that he was disabled from working after that time. Section 1221(4) of the Act does not provide for the payment of any weekly compensation benefits for the particular loss of use and function which plaintiff incurred as a result of his accidental injury.
Plaintiff’s accidental injury was compen-sable. Rights and remedies attached under the worker’s compensation law. He was entitled to receive compensation benefits during any period of disability, and apparently did receive benefits for one week. The fact that he was not disabled for a longer period of time does not mean that his accidental injury was not covered by the worker’s compensation law or was not compensable.
Plaintiff relies on Boyer v. Crescent Paper Box Factory, 143 La. 368, 78 So. 596 (1918) as authority for bringing a tort action when the Worker’s Compensation Act does not provide for payment of benefits for a specific injury.
In Boyer, the plaintiff, while employed in defendant’s factory, was severely disfigured about the face and head when her hair became entangled in a machine. She brought suit for damages under LSA-C.C. Art. 2315 pointing out that her injury was not compensable under the Act since, at the time, there was no provision for disfigurement. The court affirmed a $10,000.00 judgment in favor of the plaintiff for her disfigurement stating that the Act “does not provide compensation” for such an injury and therefore could not be an exclusive remedy. Before the Supreme Court decided Boyer the legislature had amended the Act to provide limited compensation for permanent disfigurement or impairment when the case did not fall under any other provision of the Act, but the amendment was not applicable because the accident occurred prior to the amendment.
Several jurisdictions have severely criticized the decision in Boyer and declined to follow its rationale. See Hyett v. Northwestern Hospital, 147 Minn. 413, 180 N.W. 552 (1920); Smith v. Baker, 157 Okl. 155, 11 P.2d 132 (1932); Morgan v. Ray L. Smith & Son, 79 P.Supp. 971 (D.C.Kan. 1948). See generally Larson, Workmen’s Compensation Law, § 65.50 (1986).
The Louisiana Supreme Court seemed to retreat from its holding in Boyer in the case of Bergeron v. New Amsterdam Cas. Co., 243 La. 108, 141 So.2d 832 (1962). In Bergeron, the employee fell during her employment as a waitress, missed about six weeks of work, but suffered no residual disability. She also suffered a miscarriage due to the fall. She argued that if the Act did not provide compensation for her miscarriage under Section 1221(4)(p), it afforded her no remedy and she could proceed in tort.
*1367 The supreme court awarded compensation for the six weeks of plaintiffs temporary total disability, but found no basis for any award under Section 1221(4)(p) for the miscarriage because the medical evidence established that plaintiff would be able to have other children and there was no permanent impairment of a physical function. In rejecting the plaintiffs argument that a tort action was maintainable, the court stated:
The section clearly makes recovery under the Worker’s Compensation Law exclusive in those cases to which it is applicable. This is true although all specific elements of the injury may not be com-pensable. Inasmuch as Boyer v. Crescent Paper Box Factory, supra, was decided prior to this amendment, that case is not controlling. (Footnote omitted.)
Bergeron, supra, at 835-36.
Although Boyer is in point and supports plaintiffs position, it was decided only four years after the worker’s compensation law was enacted in Louisiana and prior to the decision in Bergeron.
Plaintiff also relies on the decisions of this court in Faulkner v. Milner-Fuller, 154 So. 507 (La.App. 2d Cir.1934), and Clark v. Southern Kraft Corp., 200 So. 489 (La.App. 2d Cir.1940), where an employee was allowed to maintain a tort action against the employer for negligent infliction of an occupational disease. However, these cases are distinguishable because occupational diseases were not considered accidental physical injuries within the meaning of the worker’s compensation act then in effect thereby rendering the exclusive rights and remedies section of the Act inapplicable.
Other cases have upheld the exclusivity of the Worker’s Compensation Act even though no benefits were actually paid to the injured employee or his survivors. See Atchison v. May, 201 La. 1003, 10 So.2d 785 (1942); Branch v. Aetna Cas. & Sur. Co., 370 So.2d 1270 (La.App. 3d Cir.1979), writ denied, 374 So.2d 660 (La.1979); Braxton v. Georgia-Pacific Corp., 379 So.2d 1150 (La.App. 2d Cir.1980); Flynn v. Devore, 373 So.2d 580 (La.App. 3d Cir.1979); Malone & Johnson, 14 Civil Law Treatise, Workers’ Compensation, § 366 (2d ed. 1980).
Prior to its amendment in 1983 and 1985, Section 1221(4)(p) provided specific benefits to an employee where the use of a physical function, not covered in subsections (a) through (o), was lost or seriously impaired.[1] Since plaintiff lost his sense of taste and smell, a physical function, and this particular injury was not covered in subsections (a) through (o), he would have fallen within the broad “catch all” provision of (4)(p). The 1983 amendment, however, narrowed this provision by limiting these specific benefits to a situation where the usefulness of a physical function of the respiratory system, gastrointestinal system, or genito-uri-nary system, as contained within the thoracic or abdominal cavities, was seriously and permanently impaired.[2] In 1985, Sec *1368 tion 1221(4)(p) was expanded somewhat to include specific benefits for an employee who suffered a permanent hearing loss solely due to a single traumatic accident.[3]
The worker’s compensation law as amended in 1983 and 1985 does not provide specific benefits for loss of use or impairment of the function of smell or taste due to nerve injuries to the face and head. This does not mean that these injuries are not compensable during disability, but rather that there are no specific benefits provided irrespective of disability. By limiting the categories of loss of use or impairment of functions for which specific benefits are payable, it was not the intention of the legislature to broaden the categories of injuries for which an employee might sue the employer in tort. It should be noted that specific benefits are not payable even for the injuries listed in Section 1221(4) unless the loss of use is greater than the percentage provided in subsection (4)(q). Certainly it was not intended that employees would be able to sue in tort for these minor injuries when no disability benefits or specific benefits are payable.
It may be difficult to understand why the legislature has provided for specific benefits for loss of use or impairment of certain physical functions and not provided specific benefits for other types of loss of use or impairment which might be more serious; however, this is a legislative determination, not a judicial one.
Even though the plaintiff in this case did not receive weekly disability benefits, or received benefits for only one week, the trade-off between worker’s compensation and employer tort liability is in place and viable. The plaintiff gave up his right to sue the employer in tort for the full extent of his damages. The employer accepted responsibility, without proof of fault on its part and without the benefit of affirmative defenses, for plaintiff’s medical expenses and the payment of weekly benefits during the period of plaintiff’s disability, if any. That plaintiff’s disability in this case did not extend beyond one or two weeks does not diminish the value of the trade-off to the employee, the employer, or the public.
Plaintiff’s real complaint here is with the scope or extent of compensation benefits available to him for his particular injury • and loss of function, not with whether his accidental injury was covered by the worker’s compensation laws thereby rendering that law his exclusive remedy against his employer.
The primary concern of worker’s compensation laws has always been to partially replace lost wages. Specific benefits for certain injuries,, disabling or not, have been provided over and above the wage loss recovery provisions, but limited to certain types of injuries and limited in the amount of benefits payable throughout the history of the law in this state. The legislature’s decision to limit the specific benefits in the 1983 and 1985 amendments to now exclude specific benefits for plaintiff’s particular loss of function, for which specific benefits would have been payable prior to the amendments, does not have the effect of *1369 removing plaintiff from the exclusivity provision of the compensation law.
For the reasons assigned, the judgment of the district court is reversed. Judgment is rendered in favor of defendants WEL-SCO, INC. and its insurer, U.S. Insurance Group and against plaintiff John Dale Swil-ley granting said defendants’ motion for partial summary judgment and dismissing plaintiff’s suit to the extent that it seeks to recover damages in tort against the said defendants. Costs of the appeal are assessed to plaintiff.
REVERSED AND RENDERED.

. (4) In the following cases, the compensation shall be as follows:
(p) In cases not falling within any of the provisions already made, where the employee is seriously permanently disfigured about the face or head, or where the usefulness of a physical function is seriously permanently impaired, the court may allow such compensation as is reasonable and in proportion to the compensation hereinabove specifically provided in the cases of specific disability, not to exceed sixty-six and two-thirds per centum of wages during one hundred weeks. (Emphasis added.)

. (4) Permanent partial disability. In the following cases, compensation shall be solely for anatomical loss of use or amputation and shall be as follows:
ip) In cases not falling within any of the provisions already made, where the employee is seriously and permanently disfigured or where the usefulness of the physical function of the respiratory system, gastro-intestinal system, or genito-urinary system, as contained within the thoracic or abdominal cavities, is seriously and permanently impaired, compensation not to exceed sixty-six and two-thirds percent of wages for a period not to exceed one hundred weeks may be awarded. In cases where compensation is so awarded, when the disability is susceptible to percentage determination, compensation shall be established in the proportions set forth in Sub-paragraph (o) of this Paragraph. In cases where compensation is so awarded, when the disability is not susceptible to percentage determination, compensation as is reasonable *1368 shall be established in proportion to the compensation hereinabove specifically provided in the cases of specific disability. (Emphasis added.)

. (4) Permanent partial disability. In the following cases, compensation shall be solely for anatomical loss of use or amputation and shall be as follows:
(p) In cases not falling within any of the provisions already made, where the employee is seriously and permanently disfigured or suffers a permanent hearing loss solely due to a single traumatic accident, or where the usefulness of the physical function of the respiratory system, gastrointestinal system, or genitourinary system, as contained within the thoracic or abdominal cavities, is seriously and permanently impaired, compensation not to exceed sixty-six and two-thirds percent of wages for a period not to exceed one hundred weeks may be awarded. In cases where compensation is so awarded, when the disability is susceptible to percentage determination, compensation shall be established in the proportions set forth in Subparagraph (o) of this Paragraph. In cases where compensation is so awarded, when the disability is not susceptible to percentage determination, compensation as is reasonable shall be established in proportion to the compensation hereinabove specifically provided in the cases of specific disability. (Emphasis added.)