LOTTINGER, Judge.
In this appeal we are asked to decide whether the unilateral act of a homeowner in purchasing a policy of worker’s compensation insurance can bring an independent contractor with whom he contracts within the scope of the Louisiana Worker’s Compensation Act, when that independent contractor would otherwise be excluded from coverage thereunder.
FACTS
The facts in this matter are not disputed. James Orgeron, a homeowner, contracted with Kim Guidry, a carpenter, for the performance of certain carpentry work to Or-geron’s residence. While performing this carpentry work, Guidry suffered various personal injuries, allegedly due to the fault of Orgeron.
At the time, Orgeron was not in the trade, business or occupation of residential construction or carpentry. However, Or-geron had purchased and had in full force and effect a policy of worker’s compensation insurance issued by the Wausau Insurance Company (Wausau). Also at the time, Orgeron had in effect a policy of homeowner’s liability insurance provided by State Farm Fire and Casualty Insurance (State Farm).
As a result of his injuries, Guidry filed the present suit for damages against Or-geron and his liability carrier, State Farm. Wausau intervened to recover worker’s compensation benefits which it had paid to Guidry pursuant to the worker’s compensation insurance policy issued to ’ Orgeron. Orgeron filed a motion for summary judgment, contending that at the time of the accident, Guidry was covered by worker’s compensation and that his exclusive remedy against Orgeron, as his employer, was for worker’s compensation benefits. State Farm also filed a motion for a summary judgment, in which it asserted the lack of coverage under its policy due to an exclusion contained therein whereby no liability coverage is afforded to “any person eligible to. receive any benefits required to be provided or voluntarily provided under any worker’s or worker’s compensation ... law”.
The trial judge granted summary judgment to both Orgeron and State Farm, concluding that no material issue of fact existed regarding coverage under the State Farm policy or that worker’s compensation benefits is the exclusive remedy of Guidry against Orgeron. From the granting of these summary judgments, Guidry has appealed. For purposes of organization each summary judgment will be handled separately.
SUMMARY JUDGMENT IN FAVOR OF ORGERON
It is axiomatic that if an individual is afforded coverage under the Louisiana Worker’s Compensation Act, his exclusive remedy against his employer is for worker’s compensation benefits. In order for an employee to be placed within the scope of the act, he must be injured while performing services arising out of and incidental to his employment in the course of his employer’s trade, business or occupation. La.R.S. 23:1035 A. It is undisputed that Orgeron was not in the trade, business or occupation of residential construction or carpentry and, therefore, it appears at first glance that Guidry is not provided coverage under the worker’s compensation act.
However, the trial judge concluded that La.R.S. 23:1035 A must be read in pari materia with La.R.S. 23:1166, which provides as follows:
When an insurance company issues a policy of insurance to an employer covering claims for injuries to employees that may arise within the scope of the employer’s business, the insurance company shall be estopped to deny liability on the grounds that the employment was not hazardous and during the period such insurance is in effect, claims for injuries occurring during such period by such *679 employees against the employer or the insurance company shall be exclusively under the worker’s compensation act.
After reviewing both statutes and considering the fact that Orgeron had purchased the worker’s compensation insurance policy from Wausau, the trial judge concluded that worker’s compensation coverage was provided to Guidry and that the exclusive remedy provisions of La.R.S. 23:1032 prohibited the suit for damages against Orger-on.
La.R.S. 23:1166 was enacted in response to a number of inequities inherent in the old hazardous/non-hazardous employment distinction. These inequities arose when a "quasi-hazardous” employer would purchase a worker’s compensation policy to protect himself and his employees. Occasionally, a claim would arise in these “quasi-hazardous” areas of employment and the insurer, who had reaped the benefits of the insurance premiums, would deny or defeat coverage by establishing that the employment was, in fact, non-hazardous, within the meaning of the compensation act. For a general discussion of these inequities, see the comments of Professor Malone at XIX Louisiana Law Review 110 (1958).
The hazardous/non-hazardous distinction has long been removed from our law, but, for whatever reasons, the legislature has left this particular statute in tact. However, this statute was never intended to bring a third party, such as an independent contractor, within the scope of the act merely because the owner with whom he has contracted unilaterally decided to purchase a policy of worker’s compensation insurance. To allow such would be to allow an individual, such as Mr. Orgeron, to unilaterally shield himself from tort responsibility to others to whom he would ordinarily be responsible.
Furthermore, La.R.S. 23:1166 applies to insurance policies covering “claims for injuries to employees that may arise within the scope of the employer’s business,” and it estops the insurer from denying coverage because the employment was non-hazardous. (Emphasis added) Nothing contained therein can be construed to alleviate the requirement that an employee must be engaged in the trade, business, or occupation of his employer at the time the injuries are sustained, in order for coverage under the act to exist. In fact, the language in the statute, as set forth above, establishes just the opposite.
In addition, the insurer is estopped only from denying coverage on the ground that the employment was non-hazardous. The statute does not prohibit the insurer, the employer, or even the employee from establishing the lack of coverage due to some other reason, as in the present case. In this regard, we agree with Professor Johnson’s statements in 13 La.Civ.Law Treatise —Worker’s Compensation § 94, 1988 Pocket Part at page 21, wherein he states the following in commenting on a recently rendered decision:
[Njeither the cited portion of the Act nor a recent amendment should be taken as extending coverage to domestic employees. Such an important extension should be legislative in nature and clear in in-tendment. The cited portion of the Act was passed at a time when coverage extended only to hazardous businesses. If an insurer had collected premiums from an employer on the basis that the business was hazardous and was covered, it was estopped from denying that character of the business in litigation. But the section applies to “claims for injuries to employees that may arise within the scope of the employer’s business.” To read the section as argued by the plaintiff in Morgan [Morgan v. Equitable General Insurance Company, 383 So.2d 1067 (La.App. 3rd Cir.1980)] would deprive the employer or his insurer of the defense that the specific injury in a given case is not traceable to the employer’s business. This is a legitimate argument, and the purchase of an insurance policy should not prevent such an argument. The claimant in Morgan was not engaged in the business of her employer at the time of her injury. She was performing a purely domestic chore, and it does not appear that she had only temporarily been delegated to that task *680 and diverted from regular employment m an ongoing business.
See also: 41 La.Law Rev. 557 (1981), at page 566.
The application of this section as urged by the defendants was also questioned in XIX La.Law Review 84, (1958) at page 97. Therein, the writer questions the placement of all claims against the employer exclusively under the worker’s compensation act, merely because the employer purchased a policy of insurance. The writer further states his concern regarding the rights of third parties that are not normally affected or covered by the worker’s compensation act.
We agree with these statements and conclude that the presence of a worker’s compensation insurance policy does not bring an injury or employer/employee relationship otherwise excluded from coverage under the worker’s compensation act, within the scope of the act’s provisions. The policy of insurance is a contract between the insurer and the insured and the alleged employer cannot alter his relationship with a third party by unilaterally purchasing a policy of insurance.
Defendants have cited in support of their argument, and the trial judge relied on, the case of Bergeron v. New Amsterdam Casualty Company, 243 La. 108, 141 So.2d 832 (1962) in which the court applied Section 1166 in its intended manner and es-topped an insurer from denying coverage because of a non-hazardous employment relationship. However, the employee in Bergeron was, in all other respects, covered by the worker’s compensation act and the court noted that Section 1166 brought the non-hazardous employment relationship within the scope of the act. This case is merely an example of the intended application of Section 1166 and is not controlling on a situation such as the present, where the employer/employee relationship required for worker’s compensation coverage does not exist. There is no authority for bringing a third party independent contractor not engaged in the trade, business, or occupation of his principal, within the scope and coverage of the worker’s compensation act, and we decline to expand Section 1166 to that extent. It was not the intention of Section 1166 to deprive an individual of his right to recovery due to the negligence of a party with whom he has contracted, merely because the latter has unilaterally purchased a policy of worker’s compensation insurance. As such, we conclude that Section 1166 is inapplicable to the present case and that the exclusive remedy provision of the worker’s compensation act does not bar the present action.
SUMMARY JUDGMENT IN FAVOR OF STATE FARM
The State Farm insurance policy contains the following exclusionary language:
Coverage L-Personal Liability, does not apply to:
d. bodily injury to any person eligiblé to receive any benefits required to be provided or voluntarily provided by the insured under any workers’ or workmen’s compensation, non-occupational disability or occupational disease law.
The trial judge granted State Farm’s motion for summary judgment after concluding that Guidry was eligible to receive benefits voluntarily provided by Orgeron and that the above exclusion applied. However, the exclusion, by its terms, is limited to benefits required to be provided or voluntarily provided under any worker’s compensation law. Since we have concluded that Guidry’s relationship with Orgeron is outside the scope of the worker’s compensation act, the exclusionary language is inapplicable. As such, it was error to grant summary judgment in favor of State Farm.
For the above and foregoing reasons, we conclude that the trial judge erred in granting summary judgment in favor of Orgeron and State Farm, and we reverse and remand this matter for proceedings in accordance with this decision. Costs of this appeal are to be equally shared by Wausau and State Farm.
REVERSED AND REMANDED.