737 So.2d 31 (1999)
Michelle O'Regan and Ryan O'REGAN
v.
PREFERRED ENTERPRISES, INC. d/b/a Number One Cleaners, et al.
No. 98-CC-1602.
Supreme Court of Louisiana.
June 29, 1999.
*32 Michael Thomas Cali, Sidney Andrew Backstrom, Frilot, Partridge, Kohnke & Clements, New Orleans, Counsel for Applicant.
George Brian Recile, John Charles Anderson, Chehardy, Sherman, Ellis, Breslin & Murray, Baton Rouge; Jonathan Beauregard Andry, Andry & Andry; Gary Mark Zwain, Duplass, Zwain & Bourgeois, Metairie; Dominic Jospeh Gianna, *33 Marshall Joseph Simien, Jr., Middleberg, Riddle & Gianna, New Orleans; Stephen Nolan Elliott, Bernard, Cassisa & Elliott, Metairie; Robert Edward Barkley, Jr., Nicholas Dale Doucet, Barkley & Thompson, New Orleans; David B. Bartel, Michael L. Zaleski, Quarles & Brady, Counsel for Respondent.
MARCUS, Justice.[*]
Michelle O'Regan was employed by Preferred Enterprises (hereinafter "Preferred"), a commercial laundry and drycleaning establishment, for a total of three months, from July 1990 until she resigned in October 1990. In 1993, she sought medical attention for sinus problems and was eventually diagnosed as having myelodysplasia, a form of aplastic anemia. She claims that she contracted this disease as a result of being exposed to hazardous chemicals in the course and scope of her employment with Preferred.
Mrs. O'Regan originally filed a workers' compensation claim asserting a right to benefits for having contracted an occupational disease. The workers' compensation judge denied benefits. He determined that plaintiff was unable to prove "by an overwhelming preponderance of the evidence" that her disease was contracted as a consequence of her short term 1990 employment with Preferred as required by La. R.S. 23:1031.1D. That determination was affirmed on appeal and is now final.[1]
Having failed to prove that her disease was employment related so as to justify receipt of compensation benefits, Mrs. O'Regan next filed suit in district court against her employer and various other defendants who allegedly designed, manufactured and/or distributed the hazardous chemicals used in her job with Preferred. She asserted claims sounding in negligence, intentional tort, and strict liability.[2] She also sought punitive damages pursuant to La. Civ.Code art. 2315.3. Preferred answered denying plaintiff's allegations of negligence and further asserting that plaintiff's exclusive remedy against it was provided by the Louisiana Workers' Compensation Act. Thereafter, Preferred filed a motion for summary judgment in an effort to have the negligence claims stricken from the case, arguing that as a matter of law the Workers' Compensation Act provides plaintiff's exclusive remedy. The trial judge denied the motion for summary judgment; the court of appeal denied supervisory writs. Upon the application of Preferred, we granted writs and remanded the matter to the Fifth Circuit Court of Appeal for briefing, argument and an opinion.[3] The court of appeal, after reconsidering the application, maintained its position that the trial judge was correct in denying the motion for summary judgment. It concluded that since plaintiff was unable to carry her burden of proof that she had an employment related disease, she should be allowed to pursue a tort remedy against her former employer. We granted Preferred's application for supervisory relief to consider the correctness of that ruling.[4]
The sole question presented for our review is whether the Louisiana Workers' Compensation Act is the exclusive remedy of a plaintiff who alleges that she contracted an occupational disease as a consequence of negligent acts of her employer in exposing her to hazardous conditions in the course and scope of employment.
Plaintiff's petition makes the following allegations, which are undisputed for purposes of considering defendant's right to *34 a partial summary judgment dismissing her negligence claims. Plaintiff worked in Preferred's dry cleaning establishment for three months in 1990. In the course and scope of her employment she was exposed to various chemicals and solvents and now suffers from a disease known as myelodysplasia, which is associated with exposure to hazardous chemicals. Plaintiff makes no claim that she was exposed to hazardous chemicals by Preferred outside of the employment relationship.
The Louisiana Workers' Compensation Act (hereinafter the "act"), like similar compensation schemes adopted in other states, represents an attempt by the legislature to achieve a compromise regarding the rights and responsibilities of workers and their employers. Originally enacted in 1914,[5] the act provided that employees injured in the course and scope of their employment could pursue legislatively defined compensation benefits without having to prove fault on the part of the employer. The employer, in exchange for accepting no-fault responsibility to pay legislatively fixed benefits, was guaranteed immunity from suits for tort damages arising out of the employment relationship, except for intentional torts. Over the years this initial core compromise has undergone numerous evolutionary changes; the contours of the "quid pro quo" have varied from time to time in accordance with legislative will. We have long held that the legislature has the prerogative to define the conditions and limitations under which workers can recover compensation benefits. The amount of compensation, to whom due and payable, and the limitations and restrictions within which it may be demanded, peculiarly address themselves to the law-making power. Haynes v. Loffland Bros. Co., 215 La. 280, 40 So.2d 243 (1949).
The Louisiana Workers' Compensation Act, with very few exceptions, covers all employees. La. R.S. 23:1035. Our statute is in step with the general trend throughout the nation toward compulsory coverage. H. Alston Johnson, 13 Louisiana Civil Law Treatise: Workers' Compensation Law and Practice § 37 (3rd ed.1994). The requirement that the person in question be employed in the trade, business or occupation of the employer is now the only basic coverage criterion in the act. Johnson, supra, § 37.
As originally enacted, Louisiana's compensation scheme only covered job related "accidents" as that term was defined in La. R.S. 23:1021.[6] In 1952, the act was broadened to provide for coverage of listed occupational diseases and exposures.[7] As it became clear that many medical conditions caused by employment were not listed, the act was amended again in 1975 to provide that all occupational diseases are compensable under the act.[8] A disease is considered occupational if it is contracted as a result of work related conditions. La. R.S. 23:1031.1A; Johnson, supra, § 220. In 1989, the legislature amended the act again to exclude certain progressive diseases, such as degenerative disc disease, from coverage under the act. La. R.S. 23:1031.1B.[9] The disease plaintiff suffers from and for which compensation benefits were sought in this case is not an excluded disease.
From the outset, it was clear that the legislature intended to embrace the new category of "occupational diseases" within the established compensation framework without doing violence to the concept that in exchange for exposure to no-fault compensation liability, the employer receives *35 immunity from tort exposure for all but intentional torts. La. R.S. 23:1031.1H expressly provides:
The rights and remedies herein granted to an employee or his dependent on account of an occupational disease for which he is entitled to compensation under this Chapter shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents or relatives (emphasis added).
La. R.S. 23:1032A(1)(a) further provides:
Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages (emphasis added)....
In this case, plaintiff's petition alleges that she contracted the disease for which she seeks recovery in the course and scope of her employment with Preferred. It is clear that the Louisiana Workers' Compensation Act provided this plaintiff with a compensation remedy for her disease if she could prove that it was caused by her employment. As in all compensation cases, the employee must establish that the claimed injury or medical condition was caused by employment. In the case of injury by accident, it is relatively simple to determine whether the injury occurred on the job. But in the case of diseases which may or may not be job related, the legislature imposes safeguards against all diseases being held to be work related simply because the disease manifests itself or is diagnosed while a person happens to have a job.
A primary concern of the legislature in enacting legislation covering occupational diseases was to assure that employment rooted diseases are compensated but that diseases not rooted in employment are not compensated. Johnson, supra, § 220. This concern was addressed in part by imposing a special burden of proof on a plaintiff claiming a work related occupational disease who has not been on the job for at least one year, and whose disease is therefore considered less likely to be employment related. La. R.S. 23:1031.1D provides:
Any occupational disease as herein listed contracted by an employee while performing work for a particular employer in which he has been engaged for less than twelve months shall be presumed to be non-occupational and not to have been contracted in the course and scope of and arising out of such employment, provided, however, that any such occupational disease so contracted within the first twelve months' limitation as set out herein shall become compensable when the occupational disease shall have been proved to have been contracted during the course of the prior twelve months' employment by an overwhelming preponderance of evidence.[10]
Plaintiff asserts that the presumption provided in the statute for employees who have been on the job for only a short time, less than twelve months, means that such employees and their diseases are presumptively not covered by the act. From this premise plaintiff argues that short term employees can opt either to pursue a remedy in tort or to first pursue a compensation claim (as she did) and then seek recovery in tort if they fail to prove causation by an overwhelming preponderance of the evidence as the compensation act requires. We do not agree.
*36 La. R.S. 23:1031.1D does not by its language exclude plaintiff or plaintiff's disease from coverage under the act. It merely heightens the burden of proof required for a short term employee to demonstrate that the claimed occupational disease is causally linked to employment. All plaintiffs bear the burden of proof that the accident or occupational disease in question resulted from or arose out of employment. Moreover, in all cases, since the plaintiff bears the burden of proof on that issue, there is an implicit presumption against the plaintiff and in favor of the employer. In the case of an employee working for an employer for more than twelve months, the employee bears the burden of proving the link between the employee's illness and work-related duties by a reasonable probability. Seal v. Gaylord Container Corp., 704 So.2d 1161 (La. 1997). La. R.S. 23:1031.1D does no more than specify that a short term employee must bear the burden of proving that same causal link by an "overwhelming preponderance of the evidence."
Plaintiff argues that since she failed to carry the legislatively stipulated burden of proof, she is not "entitled" to benefits and that only employees "entitled to benefits" are covered under the act. Since she claims she is not covered under the act, she reasons that the act cannot be her exclusive remedy. There is no merit to this circular reasoning based on a fundamentally flawed initial premise.
Entitlement to a remedy under the act is not synonymous with ultimate success on the merits in an individual case. Every employee who has a remedy under the compensation act does not recover. If failure to succeed on the merits in a compensation case resulted in the right to pursue a tort claim, the immunity granted employers under the act would be largely illusory. A plaintiff who cannot prove a case for compensation benefits does not by that failure get a second bite at the applean arguably more lucrative tort remedy.[11] The distinction between a claim for disease or injury not covered by the act, in which case a tort recovery is allowed, and a claim that fails for want of proof, in which case no tort remedy may be pursued, is well illustrated in 6 Larson's Workers' Compensation Law § 65.40 (1999) wherein Professor Larsen explains:
A distinction must be drawn ... between an injury which does not come within the fundamental coverage provisions of the act, and an injury which is in itself covered but for which, under the facts of the particular case, no compensation is payable.
The exclusive remedy feature of our workers' compensation scheme is an essential element of its operation. Where the act covers an accidental injury or occupational disease, it is the employee's exclusive remedy; the employer's immunity from tort suits extends to all but intentional torts. It is axiomatic that coverage is liberally construed. That is true whether the employee is attempting to obtain compensation benefits or to pursue tort damages.
All occupational diseases are covered under the act, subject to the burdens of proof of causation stipulated by the legislature. In this case, plaintiff failed to satisfy the requisite burden of proof. She did not prove to the workers' compensation *37 judge that she contracted her disease during her period of employment with Preferred. That factual determination was affirmed on appeal and is now final. The failure of a compensation claimant to prove the causal link between an asserted disease or disability and job conditions does not eviscerate the exclusivity provisions of the compensation scheme. A long term employee unable to prove the causation element in an occupational disease case by a preponderance of the evidence cannot thereafter proceed with a case in tort. Similarly, the failure of an employee in an accidental injury case to prove that the claimed disability was caused by an on the job accident does not affect the employer's tort immunity. By the same token, the failure of an employee working at a job for less than twelve months to meet the heightened burden of proof set forth in La. R.S. 23:1031.1D does not affect the fact that workers' compensation is the exclusive remedy for an occupational disease which plaintiff claims arose only in connection with employment. Accordingly, we conclude that under the facts and circumstances of this case, defendant was entitled to a partial summary judgment dismissing the negligence claims brought against it in plaintiff's tort action. The exclusive remedy of a plaintiff asserting contraction of an occupational disease as a consequence of work related conditions is for workers' compensation benefits where that disease is of a type not specifically excluded by the actwhether or not the plaintiff is successful on the merits of the claim.

DECREE
For the foregoing reasons, the judgment of the court of appeal is reversed. Partial summary judgment is hereby rendered in favor of Preferred Enterprises, Inc. dismissing the negligence claims of Michelle and Ryan O'Regan. The matter is remanded to the district court for further proceedings consistent with this opinion. All costs are assessed against the plaintiffs.
KIMBALL, J. dissents for reasons assigned by KNOLL, J.
KNOLL, J., dissents and assigns reasons.
LEMMON, J., subscribes to the opinion and assigns additional reasons.
CALOGERO, C.J., dissents for reasons assigned by KNOLL, J.
LEMMON, J., Subscribing to the Opinion and Assigning Additional Concurring Reasons
The employee has the burden of proving causation in every workers' compensation case. The so-called "presumption" in La. Rev.Stat. 23:1031.1D does not shift the burden of proof as to causation, which always remains with the employee. The statutory imposition of the "presumption" itself therefore had no effect upon the employee's burden of proof.
The more problematic provision in Section 1031.1D is the requirement of proving causation by "an overwhelming preponderance of evidence." In theory, the Legislature could grant a remedy under the Act for a particular occupational disease (thereby apparently excluding a tort remedy against the employer), but could set the burden of proof so high that the compensation remedy was in fact no remedy at all. However, that did not happen in the present case. Whatever the meaning of "overwhelming preponderance of evidence,"[1] *38 the standard is not so high as to effectively preclude any remedy under the Act and arguably entitle the employee to a tort remedy against the employer.
Moreover, even if the statutory standard were the usual preponderance of evidence and plaintiff had failed to meet that burden in this case, the issue would still be the samewhether the Act is exclusive only when the employee actually recovers compensation under the Act, or whether the Act is exclusive when the Act provides a compensation remedy for the occupational disease, irrespective of whether the employee can prove by the usual standard of proof that the employment caused the disease. The majority correctly resolves that issue by holding that the compensation scheme does not contemplate a tort remedy whenever the employee cannot prove that the particular occupational disease (which falls within the definition in the Act) was not caused by his or her employment.
KNOLL, Justice, dissenting.
The Achilles' heel in the majority's opinion is its failure to address the non-occupational presumption as the threshold issue in its analysis of La.R.S. 23:1031.1(D). Instead of focusing on this legislatively included presumption, the opinion improperly shifts attention to the burden of proof outlined in the statute. Through such mode of analysis, the majority creates a fiction to say that O'Regan's claim falls within the Workers' Compensation Act. Ultimately, this methodology leaves O'Regan without a remedy in law. When there is no remedy, there is no immunity. Boyer v. Crescent Paper Box Factory, 143 La. 368, 78 So. 596 (1917).
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law is applied as written. La.Civ.Code art. 9; La.R.S. 1:4. Moreover, this Court has cautioned before that in the interpretation of the Workers' Compensation Act, the basic history and policy of the compensation movement must be considered. Roberts v. Sewerage & Water Board of New Orleans, 92-2048 (La.3/21/94), 634 So.2d 341, 345.
Against this backdrop, I note that the jurisprudence and those who comment on the theory of workers' compensation repeatedly emphasize that compromise is the quintessential characteristic of the workers' compensation movement. Roberts, 634 So.2d at 344; Gagnard v. Baldridge, 612 So.2d 732, 735 (La.1993); Atchison v. May, 201 La. 1003, 1013, 10 So.2d 785, 788 (1942); Puchner v. Employers' Liab. Assur. Corp., 198 La. 921, 931, 5 So.2d 288, 291 (1941); 13 H. ALSTON JOHNSTON, LOUISIANA CIVIL LAW TREATISE, WORKERS' COMPENSATION § 32, at 40 (3d ed.1994). Succinctly stated, a quid pro quo nexus forms the foundation for the relationship between the employer and employee in the workers' compensation construct. When the presumption created in La.R.S. 23:1031.1(D) is applied to the facts in the present case, it is evident that no quid pro quo relationship between O'Regan and Preferred comes into fruition.
A brief examination of the framework of workers' compensation highlights and clarifies why I find it inescapable that O'Regan may sue Preferred in tort. Under the broad concept of workers' compensation as formulated since its inception in Acts 1914, No. 20, the employer is responsible for compensation benefits to "an employee not otherwise eliminated from the benefits of this Chapter [who] receives personal injury by accident arising out of [the employment] and in the course of his employment." La.R.S. 23:1031(A); (emphasis added). The emphasized phrases were carefully chosen by the Legislature and have been utilized by the courts to decide the threshold issue of whether the particular risk involved falls within the protection of the compensation act. 13 H. ALSTON JOHNSTON, LOUISIANA CIVIL LAW *39 TREATISE, WORKERS' COMPENSATION § 141 (3d ed.1994); see also Mundy v. Dept. of Health & Human Resources, 593 So.2d 346, 349 (La.1992).
In 1952, when the Legislature broadened the concept of "accident" to provide for occupational diseases in the workers' compensation system, it engrafted the same phrases in its treatment of occupational diseases in La.R.S. 23:1031.1(A) and (B). Generally, an employee who becomes disabled because of an occupational disease will be entitled to workers' compensation benefits "as if said employee received personal injury by accident arising out of and in the course of ... employment," La.R.S. 23:1031.1(A) (emphasis added), if the employee has performed work for a particular employer in which he has been engaged for more than twelve months, La.R.S. 23:1031.1(D), and he can show by a preponderance of the evidence that the "disease or illness ... is due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease," La.R.S. 23:1031.1(B).
However, the Legislature delineated more tightly drawn criteria for an employee who was disabled because of an occupational disease contracted within the first twelve months of employment. In such instances, the occupational disease "shall be presumed to be non-occupational and not to have been contracted in the course of and arising out of such employment." La.R.S. 23:1031.1(D) (emphasis added). It is only if an employee can show by an overwhelming preponderance of the evidence that the occupational disease was contracted within the twelve months' limitation and that it meets the definition of occupational disease as provided in La.R.S. 23:1031.1(B) that the occupational disease "shall become compensable." La.R.S. 23:1031.1(D) (emphasis added); see Dibler v. Highland Clinic, 27-274 (La.App. 2 Cir. 9/27/95), 661 So.2d 588.
This analysis of the legislation makes two points very clear. First, although the Workers' Compensation Act provides coverage for occupational diseases pursuant to La.R.S. 23:1031.1(A), the Legislature created a category of employees in La.R.S. 23:1031.1(D) who are "otherwise eliminated from the benefits of this Chapter," by virtue of their employment for less than a year. This elimination is created as a result of the legislatively crafted presumption that in such instance the disease is non-occupational and presumed "not to have been contracted in the course of and arising out of employment." As provided by the Legislature, the statute further provides that it only "becomes compensable" (emphasis added) if a heightened burden of proof is reached. La.R.S. 23:1031.1(D).[1] Simply stated, by virtue of the presumption that is operative because of the Legislature's creation of the temporal requirement, such disease has been identified as a risk that falls outside the protection of the compensation act. In this regard, it is clear that the Legislature has not only imposed a higher burden of proof, it has created a category which presumptively eliminates certain employees from workers' compensation benefits.[2] Second, if an *40 employee attempts to be brought under the Act and fails to meet the heightened burden of proof, the disease remains "non-occupational and not to have been contracted in the course of and arising out of such employment." La.R.S. 23:1031.1(D). Such conclusions are inescapable by virtue of the presumption and the specific words which the Legislature chose to use in this statute.
"[I]f the employee fails to demonstrate that the injury arose out of and occurred in the course of employment the Act has no applicability and he may proceed in tort." 14 H. ALSTON JOHNSTON, LOUISIANA CIVIL LAW TREATISE, WORKERS' COMPENSATION § 366, at 226 (3d ed.1994). Therefore, if an employee has been eliminated from the benefits of the Workers' Compensation Act by virtue of the presumption which the Legislature expressed in La.R.S. 23:1031.1(D), it is clear that his rights and remedies on account of his occupational disease against his employer are not restricted to compensation benefits because he is not entitled to the protection of the compensation act as a direct result of the operation of La.R.S. 23:1031.1(D). Simply stated, in the absence of a quid pro quo, the compensation act does not disturb any existing remedy, i.e., one's right to sue for damages in tort. LARSON'S WORKERS' COMPENSATION LAW, § 65.40, at 12-55 ("rights of action for damages should not be deemed taken away [from the employee] except when something of value has been put in their place.")
This concept is not new to workers' compensation. In Boyer v. Crescent Paper Box Factory, 143 La. 368, 78 So. 596 (1917), it was conceded that even though the employee suffered an employment-related injury which was compensable, her tort action for the serious disfigurement she suffered as a result of that work injury was not barred by the exclusivity provisions of the Workers' Compensation Act, since the statute did not provide for disfigurement as it does now in La.R.S. 23:1221(4)(p). Under those facts this Court held that in the absence of compensation, there was no exclusivity. Boyer at 600. This principle has never been repudiated. 14 H. ALSTON JOHNSTON, LOUISIANA CIVIL LAW TREATISE, WORKERS' COMPENSATION § 366, at 227 (3d ed.1994).
Not only has the Boyer principle not been repudiated, it has served as the underpinning for decisions in the area of occupational diseases prior to their coverage under the Workers' Compensation Act in 1952. In Clark v. Southern Kraft Corp., 200 So. 489 (La.App. 2 Cir.1940) and Faulkner v. Milner-Fuller, Inc., 154 So. 507 (La.App. 2 Cir.1934), the Act was held not exclusive since no compensation was then available for occupational diseases. See also Spillman v. South Central Bell Tel. Co., 518 So.2d 994 (La.1988); Connor v. Naylor Indus. Services, 579 So.2d 1226 (La.App. 3 Cir.), writ denied, 585 So.2d 568 (La.1991). The same reasoning is applicable in the present case because the statute presumptively provides that O'Regan is not covered under the Act and she was unable to bring herself within the provisions of the Act.
Contrary to the majority's assertion, O'Regan's failure before the hearing officer and the Louisiana Fifth Circuit Court of Appeal was premised on her inability to prove that the Workers' Compensation Act was applicable. Her failure before these adjudicatory bodies was not that the Act covered her injuries and she was unable to prove some element of her claim. Rather, by virtue of La.R.S. 23:1031.1(D) her claim was presumed non-occupational and not contracted during her employment. She simply was unable to carry the burden of proving that the Act provided coverage for her occupational disease. Accordingly, if O'Regan's claim is not covered under the Act, then the exclusivity provision is not applicable. Therefore, there being no quid pro quo, O'Regan has not lost her *41 right to sue in tort. Accordingly, I would affirm the decisions of the lower courts.
For these reasons I respectfully dissent.
NOTES
[*] Johnson, J., not on panel. Rule IV, Part 2, § 3.
[1] O'Regan v. Number One Cleaners, 96-769 (La.App. 5th Cir. 2/12/97), 690 So.2d 103.
[2] Mrs. O'Regan's husband, Ryan O'Regan, joined in the tort action asserting a claim for loss of consortium and mental anguish on account of the medical condition of his wife. We refer to both claimants herein in the singular as "plaintiff."
[3] 98-0060 (La.3/13/98), 712 So.2d 861.
[4] 98-1602 (La.10/30/98), 723 So.2d 965.
[5] La. Acts 1914, No. 20.
[6] For a history of the evolution of coverage of accidents and diseases under the act, see generally, H. Alston Johnson, 13 Louisiana Civil Law Treatise: Workers' Compensation Law and Practice §§ 212-220 (3rd ed.1994).
[7] La. R.S. 23:1031.1A (1952).
[8] La. Acts 1975, No. 583.
[9] La. Acts 1989, No. 454.
[10] When the legislature amended the definition of "occupational disease" in 1975 to do away with the list of specific covered diseases, it failed to amend La. R.S. 23:1031.1D to omit the reference to listed diseases. However, it is clear from a reading of the act as a whole that La. R.S. 23:1031.1D has continued application to "occupational diseases" as that term is now more broadly defined.
[11] The same conclusion was reached in Chatelain v. American Can Co., 387 So.2d 670 (La.App. 4th Cir.), writ denied, 394 So.2d 275 (La.1980). Therein the court concluded that a worker who had failed to prove that his hearing loss was caused by employment conditions was precluded by the exclusivity provisions of the workers' compensation act from thereafter pursuing a tort remedy. See also, Building and Const. Trades Dept., AFLCIO v. Rockwell Intern. Corp., 756 F.Supp. 492 (D.Colo.1991) and Goyne v. Quincy-Columbia Basin Irr. Dist., 80 Wash.App. 676, 910 P.2d 1321 (1996). If we were to accept plaintiff's arguments, the result would give short term employees options that long term employees do not have, i.e., the choice of suing first in tort or of pursuing a compensation remedy and then suing in tort if unable to prove a compensation case.
[1] The jurisprudence has established only three types of burdens of proof: by a preponderance of the evidence, by clear and convincing evidence, and beyond a reasonable doubt. See, e.g., Chatelain v. State, Dep't of Transp. and Dev., 586 So.2d 1373 (La.1991). If called upon to do so, I would interpret "overwhelming preponderance of the evidence" to fall within the first category. Under this interpretation, the Legislature clearly has not deprived an employee, who has contracted an occupational disease characteristic of his or her employment, of any remedy. The exclusive remedy is for compensation if the employee can prove by a preponderance of the evidence that the employment caused the disease.
[1] It is arguable that since it was presumed that O'Regan was presumptively not covered under the Workers' Compensation Act that she could have proceeded immediately in tort. In such instance, it would have been incumbent upon Preferred to dispute such by showing that O'Regan's occupational disease was work-related and thus not compensable in tort.
[2] This fact clearly distinguishes n 17 in our earlier decision in Charles v. Travelers Ins. Co., 627 So.2d 1366 (La.1993). In that footnote this Court questioned whether an employee would have a remedy in tort if the Legislature had increased the burden of proof in a workers' compensation case to the point where the employee cannot prove the claim; ultimately, that question was not reached because it simply was not squarely presented. Although there is a heightened burden of proof in the present case, more importantly, the statute in question contains a legislatively created presumption that the disease is non-occupational.