J^FOIL, J.
At issue in this case is whether an employer is entitled to invoke the immunity provision of the workers’ compensation law, where the incident giving rise to a tort suit is specifically excluded from coverage by the compensation law. We hold the trial court properly found that the employer is not immune from tort suit, and we affirm.
BACKGROUND
This tort litigation arises from a shooting incident at a workplace. Andrea Wright, an employee of the State of Louisiana, Office of Financial Assistance (state), was working at her office in the Wooddale State Office Building in Baton Rouge when her husband,. Donald Ray Wright, walked into her office and shot her six times. Andrea died as a result. This tort lawsuit, filed by her mother, Lottie Holliday, followed. Named as defendants were the state, the City of Baton Rouge through its police department, Vinson Guard Service, Inc., and Vinson’s insurer, National Union Fire Insurance Company of Louisiana.
The allegations of plaintiffs petition can be summarized as follows: Several days before the fatal shooting, Andrea asked her supervisor for time off to obtain a restraining order against her husband because they were involved in an ongoing personal dispute, unrelated to her employment, and because her husband threatened to kill her. On November 29,1996, Donald Ray Wright telephoned Andrea at work and told her he was coming to the office to kill her. Andrea told her supervisor, who escorted her to an office where Andrea telephoned the police. At approximately 1:58 p.m., she spoke with an officer and *757 beseeched him to send someone to help her because her husband threatened to kill her. A sergeant informed her the police could not respond to her call unless she had a restraining order in her possession.
Andrea telephoned plaintiff to bring the restraining order to the building. At approximately 2:20 p.m., Donald Ray Wright arrived at the Wooddale office building and proceeded without delay to the fifth floor, where Andrea worked, Rsought Andrea out and began shooting her. Plaintiff arrived at the building with the restraining order while the shooting was in progress.
At the time Andrea was killed, she was four months pregnant. Plaintiff sought wrongful death damages for the death of Andrea and the unborn fetus on behalf of Andrea’s four surviving children. Additionally, plaintiff sought to recover her own LeJuene-type damages based on her presence at the scene when the fatal shooting occurred, and made a claim for these type of damages on behalf of one of the minor children who was also at the scene at the time of the shooting.
Plaintiff averred the state was negligent for, among other things, failing to provide adequate security and failing to protect Andrea from the criminal attack despite the knowledge of her supervisors of the impending nature of the attack. She also alleged that the state was liable for the failure of its employees to inform the security guard on duty of the impending criminal attack.
The state filed a motion for summary judgment claiming plaintiff is precluded from pursuing a tort remedy against the state pursuant to the exclusivity provision of the Louisiana Workers’ Compensation Act, La.R.S. 23:1032. Plaintiff filed a motion for partial summary judgment, asserting La.R.S. 23:1032 does not bar this tort suit against the state because the injury to Andrea Wright is not compensable under the workers’ compensation law.
The trial judge granted plaintiffs motion for partial summary judgment and denied the state’s motion for summary judgment. The judge held that La.R.S. 23:1032 does not bar plaintiff from bringing this tort suit. The trial court designated the judgment as a final judgment for the purposes of appeal, finding no just reason for delay pursuant to La.Code Civ.P. art. 1915 B. This appeal, taken by the state, followed.
DISCUSSION
This court reviews summary judgments de novo under the same criteria that governs the trial court’s consideration of whether a summary judgment is appropriate. Robertson v. Northshore Regional Medical Center, 97-2068, p. 5 (La.App. 1 Cir. 9/25/98), 723 So.2d 460, 463. A motion for summary | ¿judgment may be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966 B. The summary judgment procedure is favored and shall be construed to accomplish the just, speedy and inexpensive determination of actions. La. Code Civ.P. art. 966 A(2).
The initial burden is on the mover to show that no genuine issue of material fact exists. Once the mover has made a prima facie showing that the motion should be granted, if the non-movant bears the burden of proof at trial on the issue before the court, the burden shifts to him to present evidence demonstrating that material factual issues remain. La.Code Civ.P. art. 966 C(2).
The facts crucial to the issue presented on the motion for summary judgment are not disputed. It is undisputed that Andrea was shot by her husband during the course of her employment. There has been no suggestion by the state that this shooting was in any way related to Andrea’s employment other than the fact it occurred at the workplace. This shooting clearly arose from a personal dispute between Andrea and Donald Ray Wright. *758 Thus, we must decide whether under these undisputed facts the exclusivity provision of the workers’ compensation scheme precludes a tort suit against the employer based on the workplace shooting incident.
La.R.S. 23:1032 A(l)(a) provides that except for “intentional acts” the rights and remedies granted to an employee or his dependent “on account of an injury or compensable sickness or disease for which he is entitled to compensation ” under the compensation law, shall be exclusive of all other rights, remedies and claims for damages against his or her employer, (emphasis added). The state argues that as the employer of Andrea Wright, it can be sued in tort only if the plaintiffs suit is based on an intentional tort. It contends that plaintiffs allegations all sound in negligence, and therefore, workers’ compensation is plaintiffs exclusive remedy.
| ^Plaintiff relies on the language “for which he is entitled to compensation” found in La.R.S. 23:1032. She posits that the immunity provision does not apply by its literal terms because the compensation act specifically excludes Andrea Wright from coverage. Plaintiff relies on La.R.S. 23:1031 E which provides:
An injury by accident should not be considered as having arisen out of the employment and thereby not covered by the provisions of this Chapter if the employer can establish that the injury arose out of a dispute with another person or employee over matters unrelated to the injured employee’s employment.
Plaintiff points to the case of Guillory v. Interstate Gas Station, 94-1767 (La.3/30/95), 653 So.2d 1152, in which the Louisiana Supreme Court held that a shooting of a worker by her estranged husband at her place of work fell under the scope of La.R.S. 23:1031 E.[1] In that case, the worker made a claim for compensation benefits. The employer and insurer sought to deny benefits on the basis of La.R.S. 23:1031 E. The Supreme Court held that the attack on the employee was the result of an ongoing “dispute” between the couple and was in no way related to the plaintiffs employment except for the fact that the injury arose at her place of employment. The court held that injuries arising from a dispute with another person which is unrelated to the plaintiffs employment do not “arise out of the employment” and are therefore not covered by the workers’ compensation remedy. Guillory v. Interstate Gas Station, 94-1767 at p. 6, 653 So.2d at 1155.
As noted earlier, the state does not suggest that the shooting of Andrea Wright was related to her employment. Instead, the state argues the term “dispute” used in La.R.S. 23:1031 E does not include general attacks by an aggressor against a passive victim. The state posits that since Andrea was not involved in a “dispute” but was “attacked” at work, La.R.S. 23:1031 E does not preclude workers’ compensation coverage.
[fiThe argument advanced by the state was clearly rejected in Guillory. We conclude in light of La.R.S. 23:1031 E and the Guillory decision, the compensation act specifically excluded the shooting of Andrea Wright from the scope of its coverage as it arose from a dispute between Andrea and Donald Ray Wright that was unrelated to Andrea’s employment.
As the compensation act itself did not cover the shooting death of Andrea Wright, we find plaintiff is not barred from bringing this tort suit against her employer. The exclusivity provision makes the compensation remedy exclusive only with respect to those injuries for which an employee is entitled to workers’ compensation benefits. In O'Regan v. Preferred Enterprises, Inc., 98-1602 (La.6/29/99), 737 So.2d 31, the Louisiana Supreme Court discussed the concept of an employee’s *759 entitlement to benefits for the purpose of the exclusivity provision. In that case, an employee filed a claim seeking compensation benefits against her employer claiming her employment caused her to contract an occupational disease. The workers’ compensation judge ruled that she failed to carry her burden of proving she contracted the disease as a result of her employment. Thereafter, she filed a tort suit against her employer claiming her employer’s negligence caused her to contract the disease. She theorized that since her claim for compensation benefits had been rejected, she was not “entitled” to such benefits and she was therefore free to sue her employer in tort, as only employees who are “entitled” to benefits are precluded from pursuing a tort remedy against their employer.
The Supreme Court disagreed, holding that the compensation act provided the plaintiffs exclusive remedy. In so doing, the court distinguished between a compensation claim that fails for lack of proof, and a claim that is not covered under the compensation scheme. The court stated:
Entitlement to a remedy under the act is not synonymous with ultimate success on the merits in an individual case. Every employee who has a remedy under the compensation act does not recover. If failure to succeed on the merits in a compensation case resulted in the right to pursue a tort claim, the immunity granted employers under the act would be largely illusory. A plaintiff who cannot prove a case for compensation benefits does not by that failure get a second bite at the apple — an arguably more lucrative tort remedy. The distinction between a claim for disease or injury |7not covered under the act, in which case a tort recovery is allowed, and a claim that fails for want of proof, in which case no tort remedy may be pursued, is well illustrated in 6 Larson’s Workers’ Compensation Law § 65.40 (1999) wherein Professor Larson explains:
A distinction must be drawn .'.. between an injury which does not come within the fundamental coverage provisions of the act, and an injury which is in itself covered but for which, under the facts of the particular case, no compensation is payable.
The exclusive remedy feature of our workers’ compensation scheme is an essential element of its operation. Where the act covers an accidental injury or occupational disease, it is the employee’s exclusive remedy; the employer’s immunity from tort suits extends to all but intentional torts.
O'Regan v. Preferred Enterprises, Inc., 98-1602 at pp. 7-8, 737 So.2d at 36. (Footnote omitted).
In light of the above, we hold that where an injury is specifically excluded from the scope of the compensation scheme, the exclusivity provision of the compensation law does not apply, and the employer is not immune from a tort suit based on that injury. As the compensation statute specifically excluded any claims arising out of the workplace attack on Andrea Wright by her husband, the state is not immune from tort suit arising out of that shooting death, and the trial court correctly held that La.R.S. 23:1032 does not bar plaintiff from pursuing a tort remedy against the state.
CONCLUSION
Based on the foregoing, the judgment appealed from is affirmed. All costs of this appeal are assessed to appellant, State of Louisiana, in the amount of $364.87. The case is hereby remanded to the trial court to conduct proceedings consistent with this opinion.
AFFIRMED AND REMANDED.

. At the time Guillory was decided, the pertinent provision was designated La.R.S. 23:1031 D. Without changing the wording of the cited provision, in 1997, by Act 315, the legislature redesignated subsection D as subsection E.