| yFOIL, Judge.
This appeal challenges the trial court’s determination that plaintiffs tort suit against the state is barred by workers’ compensation immunity. We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
The facts serving as the basis for the appeal are not disputed. On October 1, 1997, Brad Smith was working as an inspector for the Department of Transportation and Development (DOTD) near the intersection of U.S. Highway 51 and Louisiana Highway 1064 when he was struck and killed by a large dump truck. The dump truck, owned by Tycer Ready Mix, Inc., was travelling northbound on U.S. Hwy. 51 and was executing a right turn onto La. Hwy. 1064 when the fatal accident occurred.
Brad’s widow, Jennifer, filed this wrongful death action seeking damages individually and on behalf of her minor child against Tycer Ready Mix, Inc. and the State of Louisiana through DOTD. She asserted a negligence-based cause of action against DOTD, alleging the roadway was defective in design.
DOTD filed a motion for summary judgment, asserting workers’ compensation immunity. In support of the motion, DOTD attached two affidavits. In the first, Paul Berthelot, DOTD’s senior inspector, attested Brad was working under his supervision at the intersection as an inspector for DOTD on the day of the fatal accident. According to Mr. Berthelot, on that day, Brad was in the course and scope of his employment as an inspector for DOTD. In the second affidavit, Renee Moses? a claims adjuster for the Office of Risk Management-Workers’ Compensation Division, *383 attested workers’ compensation benefits had been paid to plaintiff from the date of Brad’s death to the present, as well as burial benefits.
Plaintiff did not introduce any evidence in opposition to the motion. The trial judge granted DOTD’s motion for summary judgment, finding workers’ compensation provided plaintiffs exclusive remedy against DOTD. The judge ruled there were no material issues of fact regarding coverage of the compensation act. He found Brad was clearly in the course of his employment, Ras he was on the job and working as an inspector at the time he was killed. The judge also concluded the “arising out of’ prong of the employment relationship test had been met, as Brad’s presence at the site was necessary in the performance of his inspecting duties. Furthermore, the judge noted, the risk of being struck by a vehicle is obviously connected to employment requiring an employee to inspect a roadway.
This appeal, taken by plaintiff, followed.
DISCUSSION
This court reviews summary judgments de novo under the same criteria that governs the trial court’s consideration of whether a summary judgment is appropriate. Robertson v. Northshore Regional Medical Center, 97-2068, p. 5 (La.App. 1 Cir. 9/25/98), 723 So.2d 460, 463. A motion for summary judgment is proper when there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966B.
La. R.S. 23:1031 provides for workers’ compensation benefits to an employee who is injured by an accident “arising out of’ and “in the course of’ his employment. Where the compensation act covers an accidental injury, it is the employee’s exclusive remedy; the employer’s immunity from tort suits extends to all but intentional torts. -La. R.S. 23:1032 A(1)(a); O’Regan v. Preferred Enterprises, Inc., 98-1602, p. 8 (La.6/29/99), 737 So.2d 31, 36.
It is undisputed the accident in this case occurred during the course of Brad’s employment as an inspector for DOTD. Plaintiff contends the trial judge erred in finding the accident “arose out of’ Brad’s employment. First, she argues the evidence submitted by DOTD was insufficient to establish this element, as DOTD did not establish exactly what Brad was doing at the time he was killed. Secondly, plaintiff focuses on one of the tests used by the courts to determine whether an accident arises out of employment. According to this test, an accident arises out of employment if the risk from which the injury resulted was greater for the employee than for a person not so engaged in the employment. See Guillory v. Interstate Gas Station, 94-1767, p. 3 (La.3/30/95), 653 So.2d 1152, 1154. Plaintiff insists Brad was a pedestrian at the time he was killed. She posits the risk of being struck by a vehicle while standing in a defectively designed turn lane was no greater to Brad than any other pedestrian who may have been standing there. Thus, she contends, since Brad experienced no greater risk from his employment, the accident did not “arise out of’ his employment, and she should be entitled to sue his employer in tort.
We find no merit to this argument. The principal objective of the “arising out of employment” requirement is to separate accidents attributable to employment risks, which form the basis of the employer’s obligation under the compensation system, from accidents attributable to personal risks, for which the employer should not normally be held responsible. Guillory v. Interstate Gas Station, 94-1767 at p. 4, 653 So.2d at 1154. Contrary to plaintiffs assertion, her husband was not a mere pedestrian standing near the intersection at the time of the fatal accident. Rather, it is undisputed he was working as a DOTD highway inspector at the intersection when he was killed. His presence at the scene of the accident was necessitated by his employment. More importantly, as *384 a highway inspector, Brad’s employment clearly exposed him to the risk of being struck by a vehicle while in the course of his inspection duties.
As the accident resulting in Brad’s death occurred while Brad was in the course of his employment, and was plainly a risk attributable to Brad’s employment, we find DOTD’s evidence established, as a matter of law, the accident occurred during the course of and arose out of Brad’s employment with DOTD. Therefore, the workers’ compensation act provides coverage for the accident which resulted in Brad’s death. Accordingly, the exclusivity provision of the compensation act bars plaintiff from suing DOTD on this negligence-based cause of action, and the trial court correctly granted summary judgment dismissing DOTD from this litigation.
I ..CONCLUSION
Based on the foregoing, the judgment appealed from is affirmed. All costs of this appeal are assessed to plaintiff, Jennifer Smith.
AFFIRMED.