814 So.2d 569 (2001)
Melvin Russell MADDOX
v.
Superior STEEL.
No. 2000 CA 1539.
Court of Appeal of Louisiana, First Circuit.
September 28, 2001.
*570 Denise A. Vinet, Donna U. Grodner, Baton Rouge, for Plaintiff-Appellant Melvin Russell Maddox.
Carey J. Guglielmo, Andrew W. Eversberg, Baton Rouge, for Defendant-Appellee Superior Steel, Inc.
Before: FOIL and PETTIGREW, JJ., and KLINE,[1] J. Pro Tem.
PETTIGREW, Judge.
Petitioner, Melvin Russell Maddox, appeals from the granting of a motion for summary judgment that dismissed his tort suit on the grounds that he was a statutory employee of defendant, Superior Steel, Inc. For the following reasons, we affirm.

FACTS
On May 28, 1998, Melvin Russell Maddox, allegedly sustained personal injuries following a fall from a scaffold erected at a construction site located at Redemptorist High School in Baton Rouge, Louisiana. At the time of the accident, Mr. Maddox was employed by Western Staff Services ("Western"), a temporary employment service, and contracted to work for Superior Steel, Inc. ("Superior"). Superior is a steel-fabricating contractor that was subcontracted by Milton J. Womack, Inc. ("Womack"), the general contractor, to perform structural and miscellaneous steel work in connection with the construction of a library and science building at Redemptorist.
Mr. Maddox subsequently filed the instant suit for personal injuries against Superior in the 19th Judicial District Court on April 20, 1999. Superior responded and asserted that Mr. Maddox's exclusive remedy was workers' compensation. Superior subsequently filed a motion for summary judgment seeking dismissal of Mr. Maddox's suit on the grounds that Superior had tort immunity as the statutory employer of Mr. Maddox. Following a hearing, the district court granted Superior's motion for summary judgment and concluded that La. R.S. 23:1061(A)(2) applied and that Mr. Maddox could not proceed with his claim in tort. From this judgment, Mr. Maddox now appeals.

ASSIGNMENTS OF ERROR
In connection with his appeal in this matter, Mr. Maddox assigns the following errors for review by this court:

*571 1. The Trial Court erred in granting "statutory employer" status to a principal, where the principal employer had not or failed to pay worker's [sic] compensation for the employees of a subcontractor.
2. The Trial Court erred in grating [sic] "statutory employer" status to a principal, where the principal employer had not or failed to pay worker's [sic] compensation for the employee of a subcontractor and there is no contract between the principal and the subcontractor granting the principal "statutory employer" status.
3. Although the Trial Court made no finding on "Borrowed servant" status, "borrowed servant" status does not in any manner affect the "statutory employer" status of a principal pursuant to R.S. 23:1061.
4. Even if the Trial Court without so stating found that "borrowed servant" status had an affect [sic] on 23:1061, "borrowed servant" status is a fact sensitive determination, not proper for summary judgment.

DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966 B. Summary judgment is favored and "is designed to secure the just, speedy, and inexpensive determination of every action." La. Code Civ. P. art. 966 A(2).
The burden of proof on a motion for summary judgment is set forth in La. Code Civ. P. art. 966 C(2):
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
The initial burden of proof remains with the mover and is not shifted to the nonmoving party until the mover has properly supported the motion and carried the initial burden of proof. Only then must the non-moving party "submit evidence showing the existence of specific facts establishing a genuine issue of material fact." See Scott v. McDaniel, 96-1509, p. 5 (La.App. 1 Cir. 5/9/97), 694 So.2d 1189, 1191-1192, writ denied, 97-1551 (La.9/26/97), 701 So.2d 991. If the non-moving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. La.Code Civ. P. arts. 966 and 967.
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Sanders, 96-1751 at 7, 696 So.2d at 1035. Because it is the applicable *572 substantive law that determines materiality, whether a particular fact in dispute is material can only be seen in light of the substantive law applicable to this case. Walker v. Phi Beta Sigma Fraternity (RHO Chapter), 96-2345, p. 6 (La.App. 1 Cir. 12/29/97), 706 So.2d 525, 528.
Louisiana Revised Statute 23:1031 provides for workers' compensation benefits to an employee who is injured by an accident "arising out of" and "in the course of" his employment. Smith v. Continental Casualty Company, 98-2896, p. 3 (La.App. 1 Cir. 2/18/00), 752 So.2d 381, 383, writ denied, XXXX-XXXX (La.4/28/00), 760 So.2d 1183.
Under certain circumstances, an owner or principal can be held liable to pay workers' compensation to an employee of a contractor he engages. These circumstances are set forth in La. R.S. 23:1061. However, under such circumstances, workers' compensation is the exclusive remedy of the contractor's employee held to be a statutory employee of the principal, and the principal is immune from tort liability. La. R.S. 23:1032.[2] The determination of statutory employer status is a question of law for the court to decide. Lemaire v. CIBA-GEIGY Corporation, 99-1809, p. 11 (La.App. 1 Cir. 6/22/01), 793 So.2d 336, 346.
In his first two assignments of error, Mr. Maddox contends that the trial court erred in granting "statutory employer" status to Superior. Mr. Maddox argues that Superior did not pay workers' compensation insurance premiums on behalf of employees of its subcontractor Western, and, further, that there existed no contract between Superior and Western granting Superior "statutory employer" status.
It is apparently undisputed by the parties that Mr. Maddox's direct employer, Western, was responsible for his wages, unemployment insurance, and workers' compensation insurance premiums. Mr. Maddox contends that because Superior did not pay his workers' compensation insurance premiums, Superior should not be able to reap the benefit of statutory employer status absent a contract between it and Western. Mr. Maddox fails to cite any authority for this position.
In its brief to this court, Superior argues that in a joint employer situation, it makes no difference which employer actually pays the workers' compensation insurance premiums as long as the employee has a workers' compensation remedy. Furthermore, this court is unable to find any statutory or jurisprudential authority requiring payment of workers' compensation insurance premiums as a condition for statutory employer status.
In support of his contention that Superior was not his statutory employer, Mr. Maddox relies on La. R.S. 23:1061(A)(3), which provides:
(3) Except in those instances covered by Paragraph (2) of this Subsection, a statutory employer relationship shall not exist between the principal and the contractor's employees, whether they are direct employees or statutory employees, unless there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which *573 recognizes the principal as a statutory employer. When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees. This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.
In his brief to this court, Mr. Maddox further argues "[t]he law is clear that in the absence of a written contract, no statutory employment relationship exists." (Emphasis in original).
We disagree. Mr. Maddox repeatedly chooses to ignore the first sentence of subsection (3) of La. R.S. 23:1061, which specifically provides that its provisions are obviated in those instances covered by La. R.S. 23:1061(A)(2). Louisiana Revised Statute 23:1061(A)(2) provides:
(2) A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee's immediate employer.
The record reveals that in connection with its motion for summary judgment, Superior submitted the affidavit of its employee, Dianne Cardon, together with a copy of the contract between Superior and the general contractor, Womack. Pursuant to the terms of the contract, Superior agreed to "[f]urnish labor, material, equipment, and supervision to perform structural and miscellaneous steel work per the plans, specifications, and addenda." Thus, Superior argued that it was contemplated in the contract between itself and Womack that Superior might hire employees from a temporary agency such as Western. Accordingly, Superior asserted that it was Mr. Maddox's statutory employer and not answerable to a suit in tort.
The trial court accepted this argument and granted Superior's motion for summary judgment. In its reasons for judgment, the trial court cited La. R.S. 23:1061(A)(2) and determined:
Denis Paul Juge in his Louisiana Workers' Compensation treatise explains this statute and the 1997 amendment [of R.S. 23:1061] as clearly providing for a statutory employer relationship under the "two contract" theory. In other words, when the principle [sic] has a contract with one party to perform certain work (as Superior Steel has a contract with Womack) and then enters into a contract with another to perform all or part of this work (like Superior Steel's agreement with Western Staffing) then a statutory employer relationship shall exist. In light of the history of the case law and legislative amendments to the statute, the court finds this interpretation to be reasonable and persuasive.
Thus, under 23:1061(A) the court finds a statutory employer relationship exists between Superior Steel and Mr. Maddox because Superior Steel has a contract with Womack ... and another contract for labor with Western Staffing.
Considering the foregoing, we conclude that there existed no genuine issue of material fact refuting Superior's status as the statutory employer of Mr. Maddox. The first two assignments of error raised by Mr. Maddox are without merit.
The third and fourth assignments of error raised by Mr. Maddox relate to "borrowed servant" status. Specifically, Mr. Maddox inquires whether status as a "borrowed servant" changes the statutory employer *574 status of a principal pursuant to R.S. 23:1061. Mr. Maddox also inquires whether status as a "borrowed servant" is a fact-sensitive determination.
In Billeaud v. Poledore, 603 So.2d 754, 756 (La.App. 1 Cir.), writ denied, 608 So.2d 176 (La.1992), this court set forth the following factors to consider in determining whether an employee is a borrowed employee:
(1) First and foremost, who has the right of control over the employee beyond mere suggestion of details or cooperation;
(2) Who selected the employee;
(3) Who paid the employee's wages;
(4) Who had the right to fire the employee;
(5) Who furnished the tools and the place to perform the work;
(6) Whether the new employment was over a considerable length of time;
(7) Whose work was being done at the time of the accident;
(8) Whether there was an agreement between the borrowing and lending employers;
(9) Whether the employee acquiesced in the new work situation; and
(10) Whether the original employer terminated his relationship with or relinquished his control over the employee.
Our review of the record reveals the following undisputed facts: there existed an agreement between Superior and Western regarding the lease of labor; Superior had the right of control over Mr. Maddox once he was at the job site; Superior furnished the tools and the place to perform the work; Mr. Maddox was doing iron work for Superior at the time of the accident; Western issued Mr. Maddox's paycheck, but Superior provided the actual funds from which Mr. Maddox was paid; and Superior had the right to terminate an employee sent to it by Western.
Western is in the business of loaning employees to companies that need to hire temporary workers. Companies in the business of providing temporary laborers are "vocational lenders." See Wex S. Malone & H. Alston Johnson, III, Workers' Compensation Law and Practice § 58, in 13 Louisiana Civil Law Treatise (3d Ed. 1994). Based upon the evidence presented by Superior in support of its motion for summary judgment, it is evident to this court that Mr. Maddox was a borrowed servant of Superior. Accordingly, we find these assignments of error to be without merit.

CONCLUSION
The provisions of the workers' compensation act bar Mr. Maddox from suing Superior in tort, and the trial court correctly granted summary judgment dismissing Mr. Maddox's suit. For the reasons assigned herein, the judgment of the trial court is affirmed. All costs associated with this appeal shall be assessed against plaintiff, Melvin Russell Maddox.
AFFIRMED.
NOTES
[1] Judge William F. Kline, Jr., retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The exclusive remedy provision of La. R.S. 23:1032 provides, in pertinent part, as follows:

For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.